ADAMS, Justice,
dissenting.
I respectfully dissent. The majority, in deciding to quash the writ previously granted in this case, of necessity, decided that the petitioner was guilty of civil, rather than criminal contempt. It is clear to me that the petitioner, if guilty of anything, is guilty of criminal contempt. In the Circuit Court the fine in a criminal contempt case is not to exceed $100.00, plus imprisonment for five days. Here, petitioner was punished civilly at $500.00 per day until he purged himself of the contempt. The amount of the fine, in this case, if continued for a year, would be $183,000.00.
In a case decided by the Alabama Supreme Court almost identical to this case, an attorney who refused to give the grand jury the name of a person who told him about a bribe to miscount election returns, *800 was convicted of criminal contempt. Ex parte Enzor, 270 Ala. 254, 117 So.2d 361 (1960).
I further dissent because we have decided an important question of attorney-client privilege without a full record. The majority, by denying the writ, must have concluded that petitioner’s claim of attorney-client privilege is a sham. I cannot make that determination without a record. Obviously, if such a relationship did exist, our decisions hold that petitioner would not have to communicate the information requested to the grand jury. Ex parte Enzor, supra.